IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Randall Edwin Latimer, | ) | C/A No.: 6:11-3259-JFA-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Bill Byers; Michael McCall; R.L. Turner; | ) | |
| W. Byrd; T. Teeham; W. Golden; Ofc. Ketchie; | ) | |
| Officer Duffy; Denise Williams; Amy Enloe, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The *pro se* plaintiff, Randall Latimer, brings this action pursuant to 42 U.S.C. § 1983 contending that the defendants violated his constitutional rights by subjecting him to excessive force after a prison altercation and that he was denied due process at his resulting disciplinary hearing. The plaintiff is an inmate of the South Carolina Department of Corrections (SCDC). He seeks damages and injunctive relief.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this court should grant the defendants' motion for summary judgment.[2] The Report sets forth in detail the relevant facts and standards of law

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Plaintiff responded to the motion.

1

on this matter, and the court incorporates such without a recitation and without a hearing.

The plaintiff was advised of his right to file objections to the Report and Recommendation which was filed on July 20, 2011. The plaintiff filed timely objections to the Report.

*Excessive Force*

The Magistrate Judge finds that the plaintiff failed to comply as directed, so that the defendants were justified in their use of chemical munitions on the plaintiff. The Magistrate Judge also finds that the plaintiff's complaints of being handcuffed too tightly using the "chicken wing" hold are insufficient to give rise to a constitutional claim. Further, plaintiff's allegations that Captain Byrd punched him while he was handcuffed appear to have been abandoned by the plaintiff. This court agrees that the plaintiff has failed to show that excessive force was used against the plaintiff in violation of his constitutional rights.

Moreover, nothing in the record establishes that either defendant Byers or McCall knew that the incident would occur or could have done anything to prevent it. Thus, plaintiff's claim of supervisory liability fails.

*Medical Indifference*

Plaintiff complains that defendant nurses Williams and Enloe denied him appropriate attention for the injuries he claims to have suffered during the incident. The Magistrate Judge suggests that based on the medical records before the court, it is clear that adequate medical care was provided to the plaintiff and that his injuries, if any, were not serious in nature.

As to the plaintiff's allegations that Nurses Williams and Enloe deliberately prepared a false medical record, the Magistrate Judge suggests that this claim must fail because the plaintiff can offer no evidence to justify this allegation. This court agrees.

*Inmate Grievance*

As to the plaintiff's claims with regard to the denial of his grievance over the incident, the Magistrate Judge finds, and this court agrees, that these allegations do not give rise to any constitutional violation and the claim must fail.

*Due Process*

The Magistrate Judge suggests that the plaintiff provides nothing more than his own unfounded accusations that the disciplinary hearing reports are false and that he was not denied due process rights. The court finds no merit to the plaintiff's claims on this issue.

Conclusion

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference. The court has conducted the required *de novo* review and finds the plaintiff's objections are duplicative of the original complaint, without merit, and are thus overruled.

Accordingly, the defendants' motion for summary judgment is hereby granted and this action is dismissed with prejudice. Plaintiff's motions for summary judgment (ECF Nos. 15, 37) are denied.

3

IT IS SO ORDERED.

August 23, 2012                               Joseph F. Anderson, Jr.
Columbia, South Carolina                      United States District Judge